IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Lloyd A. Justice,                 :

    Plaintiff,               :

  v.                              :    Case No. 2:09-cv-811

                                      :    JUDGE FROST
William E. Shonk, et al.,         :

    Defendants.              :

REPORT AND RECOMMENDATION

On September 16, 2009 Lloyd A. Justice filed a complaint against William E. Shonk, et al., and requested leave to proceed *in forma pauperis*. For the following reasons, the Court will grant the motion for leave to proceed *in forma pauperis* and will recommend that the complaint be dismissed as frivolous and for lack of subject matter jurisdiction.

I.

28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted...." The purpose of this section is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989). A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact. See id. at 325. Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal

1

district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992). A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007). *Pro se* complaints are to be construed liberally in favor of the *pro se* party. Haines v. Kerner, 404 U.S. 519 (1972). It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

II.

In his form complaint, Mr. Justice cites to a complaint he filed on May 29, 2008, in the Court of Common Pleas of Fairfield County, Ohio, against the same private citizens he has named as defendants here. Mr. Justice has attached a copy of that state court complaint and explains that it was voluntarily dismissed on September 17, 2008. The attached complaint contains fifteen state law claims which Mr. Justice apparently wishes to pursue in this Court with the exception of one. According to Mr. Justice, he is "dismissing Count #10 Negligence."

All of the named defendants appear to be Mr. Justice's neighbors. The allegations of the complaint include the following. In May 2007, while Mr. Justice was driving out of his driveway, the defendants blocked his exit. The defendants yelled threats and profanities at Mr. Justice, opened the door of his vehicle, and several of the defendants physically attacked him without provocation. Further, Mr. Justice claims that the defendants conspired to have criminal charges brought against him by providing false statements to the public, the police, the prosecutor, and the Court.

In the form complaint Mr. Justice contends that the relief he is seeking includes a determination of the defendants' guilt

and an order that they stop harassing him by using friends and elected officials to file false charges and stop spreading rumors.  Further, Mr. Justice seeks damages for the defendants' crimes and an acknowledgment that the defendants have engaged in a pattern of harassment in an attempt to acquire his property and force him to move.

After considering the allegations of his complaint, the Court concludes that Mr. Justice has failed to assert any claim over which this Court has subject matter jurisdiction.  Mr. Justice has alleged only state law claims and a federal court has jurisdiction over such claims in very limited circumstances. Under 28 U.S.C. §1332(a), federal courts have original jurisdiction of civil actions where the amount in controversy exceeds $75,000 and is between citizens of different states. Here, the plaintiffs and defendants are all Ohio citizens. Consequently, the Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

Further, Mr. Justice has failed to allege any facts reasonably suggesting that his claims arise under federal law. Absent a claim that the defendants violated Mr. Justice's rights either under some general federal law, or his federal constitutional rights, the Court simply lacks jurisdiction to hear his claims.  See 28 U.S.C. §§1331, 1343.

"Where there is no basis for federal jurisdiction apparent on the face of the complaint, a court may dismiss the action as frivolous and for lack of subject matter jurisdiction under 28 U.S.C. §1915(e)(2)(B) and Fed. R. Civ. P. 12(h)(3)."  Young v. Scharf, 2007 WL 2123767 (S.D. Ohio July 20, 2007) at fn. 1 (citing Carlock v. Williams, 182 F.3d 916 (table), 1999 WL 454880 at *2 (6th Cir. June 22, 1999)).  However, such a dismissal is not a bar to refiling the action in state court. Id.

III.

Based on the foregoing, the plaintiff's motion for leave to proceed *in forma pauperis* is granted. Further, it is recommended that the complaint be dismissed as frivolous and for lack of subject matter jurisdiction, without prejudice to refiling in state court, and that a copy of the complaint and the Court's dismissal order be mailed to the defendants.

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

/s/ Terence P. Kemp
United States Magistrate Judge